IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHERRA BURNETT, et al.,

    Plaintiffs,

      v.

FULTON COUNTY BOARD OF
EDUCATION, et al.,

    Defendants.

CIVIL CASE NO.
1:07-CV-300-JTC

## **O R D E R**

This matter is currently before the Court on Defendants' motion to

dismiss[1] [#15], the Magistrate Judge's Report and Recommendation [#69],

and Plaintiffs' Objections [#70].  This action involves allegations that

Defendants discriminated against Plaintiffs in violation of (1) their Equal

Protection rights under the Fourteenth Amendment, in violation of U.S.C.

§ 1983, and (2) Title VII of the Civil Rights Act of 1964 ("Title VII").  The

Magistrate Judge recommended that the Court grant in part and deny in part

Defendants' motion to dismiss, which the Magistrate Judge construed as a

motion for judgment on the pleadings.

---

[1]The Magistrate Judge appropriately noted that Defendants' motion to dismiss for failure to state a claim was untimely under Rule 12(b).  FED. R. CIV. P. 12(b).  The Court agrees and adopts the Magistrate Judge's decision not to dismiss the motion and instead construes Defendants' motion as a motion for judgment on the pleadings pursuant to Rule 12(c).

## I.      Standard of Review

Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the

Court has conducted a careful, *de novo* review of the portions of the

Magistrate Judge's Report and Recommendation to which Plaintiffs objected.

The Court has reviewed the remainder of the Magistrate Judge's Report and

Recommendation for clear error.

## II.     Analysis[2]

Plaintiffs specifically object to the Magistrate's determination that (1) a

heightened pleading requirement applied to Plaintiffs' claims against

individual Defendants, and (2) Plaintiffs failed to meet this heightened

pleading requirement.

### A.      Heightened Pleading Requirement

Plaintiffs object to the Magistrate Court's application of the heightened

pleading standard to Plaintiffs' Amended Complaint.  Plaintiffs contend that

the Supreme Court has "rejected" a heightened pleading standard for § 1983

actions, such as those brought by Plaintiffs.  See Jones v. Bock, 549 U.S. 199

(2007); Leatherman v. Tarrant County Narcotics Intelligence & Coordination

Unit, 507 U.S. 163, 168 (1993); Swierkiewicz v. Sorema N.A., 534 U.S. 506

---

[2]The Magistrate Judge has already set forth the relevant background and facts at pages 2-13 of the Report and Recommendation.  Thus, the Court will not repeat it in this Order.

(2002); <u>Crawford-El v. Britton</u>, 523 U.S. 574 (1998).  However, as the Magistrate Judge noted, the Eleventh Circuit has explicitly determined that a heightened pleading standard applies in § 1983 cases involving individual defendants.  <u>See</u> <u>Epps v. Watson</u>, 492 F.3d 1240, 1242 (11th Cir. 2007); <u>Swann v. Southern Health Partners, Inc.</u>, 388 F.3d 834, 838 (11th Cir. 2004)).  While a district court is not required to follow a prior circuit court decision that has been overruled by the Supreme Court, the Magistrate Judge appropriately distinguished the Supreme Court decisions upon which Plaintiffs rely from the facts and reasoning in the Eleventh Circuit's decisions recognizing a heightened pleading standard.  (Report and Recommendation 24-28.)  Accordingly, the Court applies the Eleventh Circuit's heightened pleading standard to the Plaintiffs' claims against the individual Defendants in this case.[3]

   B.   <u>Application of the Heightened Pleading Requirement</u>

Plaintiffs further object to the Magistrate's determination that their Amended Complaint fails to meet the heightened pleading requirement for §

---

[3]Plaintiffs request for " immediate interlocutory appeal" is not appropriate in an Objection to a Magistrate's Report and Recommendation and should be raised separately, if at all.  Additionally, even if "substantial ground for difference of opinion" existed warranting an appeal, immediate resolution of the issue would not "materially advance the ultimate termination of the litigation" since Plaintiffs' claims against the Fulton County School District would still remain.  28 U.S.C. 1292(b) (2008).

1983 claims against individual defendants.  Plaintiffs state that "[t]he Magistrate court seems to suggest that unless Plaintiffs can show pre-discovery that their comparators are the same as them with respect to each minute detail of their employment, Plaintiffs cannot meet the heightened burden. . . ." (Pls.' Objections 12.)  Plaintiffs misinterpret the heightened pleading requirement stated in Griffin Indus., Inc. v. Irvin and applied by the Magistrate.  496 F.3d 1189, 1204 (11th Cir. 2007) (requiring that plaintiffs demonstrate that their comparators of other races were "similar situated in all relevant respects").  Contrary to Plaintiffs' assertions, this requirement does not demand that Plaintiffs show similarity with respect to each minute detail of employment, but it does require a heightened pleading showing of similarity in "all relevant respects."  Id.  A plaintiff  can be required to "'put forward specific, nonconclusory factual allegations'...in order to survive a prediscovery motion for dismissal." Crawford-El, 523 U.S. at 598).  Based on the pleadings before the Court, Plaintiffs have failed to present sufficient pleadings to satisfy this heightened pleading requirement.[4]

In the alternative, Plaintiffs contend that the Magistrate erred in

---

[4]While the Court's decision regarding Plaintiffs' failure to satisfy the heightened pleading requirement renders Plaintiffs' final objection regarding individually named Board Member Defendants and Superintendent Wilson moot, Plaintiffs' objections on this issue were reviewed *de novo* and the Court **OVERRULES** the objections.

applying the standard from <u>Griffin</u> to Plaintiffs' case because it involved a reduction-in-force ("RIF") situation not "disparate discipline" like <u>Griffin</u>.  496 F.3d at 1204.  Plaintiffs claim that the Eleventh Circuit decisions suggest that there is a specific "reduction-in-force" heightened pleading requirement, which is different from the "disparate discipline" heightened pleading requirement utilized in <u>Griffin</u> and by the Magistrate.  <u>See</u> <u>Smith v. J. Smith Lanier & Co.</u> 352 F.3d 1342, 1344-45 (11th Cir. 2003); <u>Standard v. A.B.E.L. Servs., Inc.</u>, 161 F.3d 1318, 1331 (11th Cir. 1998); <u>see also</u> <u>Griffin</u> 796 F.3d 1189.  Plaintiffs' discussion of these cases misstates the holdings of the <u>Smith</u> and <u>Standard</u> cases.  Procedurally, <u>Smith</u> and <u>Standard</u> concerned motions for summary judgment, not motions to dismiss or motions for judgments on the pleadings.  <u>Smith</u>, 352 F.3d at 1344; <u>Standard</u>, 161 F.3d at 1333.  Unlike the present case, <u>Smith</u> and <u>Standard</u> did not concern or discuss a plaintiff's ability to plead sufficient facts in satisfaction of the heightened pleading requirement for § 1983 cases; instead, those decisions addressed the shifting burden of proof from a plaintiff to defendant, which is not relevant to a motion for judgment on the pleadings.  <u>Smith</u>, 352 F.3d at 1344; <u>Standard</u>, 161 F.3d at 1333.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [#69].  The Court **GRANTS in part** and **DENIES in part**

Defendants' motion for judgment on the pleadings [#45].  In the interest of clarity, the following issues still remain in this case: (1) Plaintiffs' Title VII race discrimination claims against the Fulton County School District ("FCSD"); (2) Plaintiffs Hertwig, McGuire, and Burnett's Title VII claims against the FCSD; (3) Plaintiffs' § 1983 equal protection claims against the FCSD.

**SO ORDERED**, this  28th  day of August, 2008.

_____
JACK T. CAMP
UNITED STATES DISTRICT JUDGE